**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEI ZHANG,<br><br>        Plaintiff,<br><br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff Wei Zhang ("Plaintiff") hereby brings the present action for design patent infringement, trade dress infringement and false designation of origin under the Lanham Act against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, as follows:

        **I.    JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has original subject matter jurisdiction over the false designation of origin claim asserted in this action pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., (the "Lanham Act"), and 28 U.S.C. §§ 1338(a) and 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, sold products which infringe Plaintiff's patented design, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented design from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities,

locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing of its patented design, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

### III. THE PARTIES

4. Plaintiff, Wei Zhang, is a Chinese individual residing in Shenzhen, China, and is the owner of the patents asserted in this action.

5. Plaintiff is the owner of all right, title, and interest in U.S. Patent No. D1,028,507 ("the '507 Patent"). A true and correct copy of the '507 Patent is attached hereto as **Exhibit 1**.

6. The '507 Patent issued on May 28, 2024. *See* **Exhibit 1**.

7. Plaintiff is also the owner of all right, title, and interest in U.S. Patent No. D1,085,712 ("the '712 Patent"). A true and correct copy of the '712 Patent is attached hereto as **Exhibit 2**.

8. The '712 Patent issued on July 29, 2025. *See* **Exhibit 2**.

9. The '507 Patent and the '712 Patent are collectively referenced as Plaintiff's Patent.

10. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

11. Plaintiff's Patent discloses and claims new ornamental design for a travel hat case.

12. Plaintiff sells its products, including products that embody Plaintiff's Patent (collectively, "Plaintiff's Products"), exclusively direct-to-consumer through various online marketplaces, including on Amazon.com.

13. Plaintiff provides notice of its patent rights by displaying the patent numbers on the product packaging.

14. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

15. Plaintiff's Trade Dress consists of the unique combination of: (a) a smooth, contoured, oval hard-shell exterior with a pronounced crown-shaped dome centered on the lid; (b) an elongated, oval clamshell body with rounded edges; (c) a molded interior cavity incorporating a recessed, crown-shaped indentation that aligns with the exterior dome; (d) integrated, low-profile carrying features; and (e) the cohesive overall visual appearance created by the combination of these elements. A representative image of Plaintiff's Trade Dress Product is reproduced below:

Exemplary Images of Plaintiff's Travel Hat Case



16. The Trade Dress is non-functional. The particular selection, arrangement, contours, finish, surface aesthetics, and ornamental shaping of the exterior dome and body are not essential

to the use or purpose of transporting a hat and do not affect the quality, cost, or performance of the case. Numerous alternative designs exist for travel hat cases, and Defendants' sale of identical copies demonstrates that the design serves to identify Plaintiff as the source rather than confer any utilitarian advantage.

17. Plaintiff has extensively advertised, promoted, and sold the Trade Dress Product throughout the United States. As a result of Plaintiff's substantial sales, marketing efforts, and consistent marketplace presence, the Trade Dress has acquired distinctiveness and is associated by consumers with Plaintiff.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

18. The success of Plaintiff's Products has resulted in significant infringement of Plaintiff's Patent. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), SHEIN Distribution Corporation ("Shein"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of the screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 3**.

19. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

20. Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized

online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants use of Plaintiff's Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

21. E-commerce store operators, like Defendants, commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

22. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar

irregularities and indicia of being infringing to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

24. E- commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

25. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

26. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

27. Defendants' unauthorized use and/or manufacturing of the ornamental designs claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights, loss of current and future sales, loss of online traffic due to infringing listings, and is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT OF PLAINTIFF'S PATENT (15 U.S.C. § 271)

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. As shown, Defendants are believed to be working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent.

30. As shown, by way of example, in the claim charts attached as **Exhibit 4**, the products being sold by Defendants incorporate each of the design elements claimed in Plaintiff's Patent. Accordingly, the product being sold by Defendants infringe upon Plaintiff's Patent.

31. Specifically, Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Unauthorized Products that infringe directly and/or indirectly the ornamental design claimed in the Patent.

32. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants'

infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

33. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

34. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

35. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## TRADE DRESS INFRINGEMENT UNDER §43(a) OF
## THE LANHAM ACT, 15 U.S.C. §1125(a)

36. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37. Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Unauthorized Products violate §43(a) of the Lanham Act, 15 U.S.C. §1125(a), by infringing Plaintiff's Cowboy Hat Case Trade Dress. Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress and/or colorable imitations thereof is likely to cause

9

confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Plaintiff and as to the origin, sponsorship, and/or approval of the Unauthorized Products, at least by creating the false and misleading impression that the Unauthorized Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

38. Plaintiff's Cowboy Hat Case Trade Dress is entitled to protection under the Lanham Act. Plaintiff's Cowboy Hat Case Trade Dress includes unique, distinctive, and non-functional designs. Plaintiff has extensively and continuously promoted and used its Cowboy Hat Case Trade Dress in the United States. Through that extensive and continuous use, Plaintiff's Cowboy Hat Case Trade Dress has become a well-known indicator of the origin and quality of Plaintiff's diving mask. Moreover, Plaintiff's Cowboy Hat Case Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, Plaintiff's Cowboy Hat Case Trade Dress acquired this secondary meaning before Defendants commended their unlawful use of Plaintiff's Cowboy Hat Case Trade Dress.

39. Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Cowboy Hat Case Trade Dress.

40. On information and belief, Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Unauthorized Products to Plaintiff's Cowboy Hat Case Trade Dress and by Defendants' continuing disregard for Plaintiff's rights.

41. Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§1125(a), 1116, and 1117.

## COUNT III
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

42. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Unauthorized Products in direct competition with Plaintiff, violate §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to Plaintiff through Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress, and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Defendants' Unauthorized Products, at least by creating the false and misleading impression that their Unauthorized Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

44. Plaintiff's Cowboy Hat Case trade dress is entitled to protection under the Lanham Act. Plaintiff's Cowboy Hat Case Trade Dress includes unique, distinctive, and non-functional designs. Plaintiff has extensively and continuously promoted and used its Cowboy Hat Case Trade Dress in the United States. Through that extensive and continuous use, Plaintiff's Cowboy Hat Case Trade Dress has become a well-known indicator of the origin and quality of Plaintiff's diving mask. Moreover, Plaintiff's Cowboy Hat Case Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, Plaintiff's Cowboy Hat Case Trade Dress acquired this

secondary meaning before Defendants commended their unlawful use of Plaintiff's Cowboy Hat Case Trade Dress.

45. Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Cowboy Hat Case Trade Dress.

46. On information and belief, Defendants' use of Plaintiff's Cowboy Hat Case Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Unauthorized Products to Plaintiff's Cowboy Hat Case Trade Dress and by Defendants' continuing disregard for Plaintiff's rights.

47. Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§1125(a), 1116, and 1117.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent

2) An injunction against further infringement of Plaintiff's Cowboy Hat Case Trade Dress and further acts of unfair competition by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all other in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the Unauthorized Products, or any other products that use a copy, reproduction, or colorable imitation of Plaintiff's Cowboy Hat Case Trade Dress, pursuant to at least 15 U.S.C. §1116.

3) An order directing Defendants to recall all Unauthorized Products sold and/or distributed and provide a full refund for all recalled Unauthorized Products.

4) An order directing Defendants to publish a public notice providing proper attribution of Plaintiff's Cowboy Hat Case Trade Dress to Plaintiff, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Unauthorized Products are recalled and to whom the Unauthorized Products are sold.

5) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as AliExpress, Amazon, eBay, Shein, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

6) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

7) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

8) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

9) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon Plaintiff's Patent.

10) A finding that this case is exceptional under 35 U.S.C. § 285.

11) An award of Defendants' profits, Plaintiff's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§1125(a), 1116, and 1117.

12) A finding that Defendants committed acts of unfair competition in violation of §1125(a) of Title 15 in the United States Code.

13) That Plaintiff be awarded its reasonable attorneys' fees and costs.

14) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 25, 2025                    Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee
Nickles72@gmail.com
1823 Turtle Bay Road
Vernon Hills, IL 60061
T: (773) 732-8244

*Attorneys for Plaintiff, Wei Zhang*

## **VERIFICATION**

I, Wei Zhang, hereby certify as follows:

1. I am the owner of the patents asserted in this case. As such, I am authorized to make this Verification.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.


Executed in _____Shenzhen_____ on November ___, 2025.


                                                                                         Wei Zhang
                                                                                         CEO

## VERIFICATION

I, Wei Zhang, hereby certify as follows:

1. I am the owner of the patents asserted in this case. As such, I am authorized to make this Verification.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in _____Shenzhen_____ on November ___, 2025.

*Wei Zhang*

Wei Zhang
CEO